(March 31, 1966)

BANKERS SECURITY LIFE INSURANCE SOCIETY, Respondent-Appellant, v. VITEX MANUFACTURING COMPANY, LTD., et al., Appellants, and LAWRENCE HERMAN, Respondent.—Order entered September 10, 1965, denying motion of defendants, Vitex Manufacturing Company, Ltd., and Kovner, to dismiss the complaint as to him, unanimously modified, on the law and on the facts, so as to reverse the dismissal of the complaint against Herman and reinstate the same as to him, and otherwise affirmed, with $50 costs and disbursements to abide the event. Plaintiff sues to rescind a life insurance policy on the ground of material representations made by the insured. On June 6, 1963, defendant Kovner, as proposed owner, and defendant Herman, as proposed insured, made written application to the plaintiff for a policy of life insurance in the face amount of $1,000,000 on the life of Herman, a business associate of Kovner. Both Kovner and Herman were residents of New York. The application, executed in New York City, designated as beneficiary "Bernard M. Eiber, as trustee under stockholders' agreement dated June 6, 1963." Herman was examined twice by plaintiff's physician and his misrepresentations in the application for insurance about his physical condition and medical history constitute the basis of the present rescission suit. On January 8, 1964, defendant Kovner assigned all incidents of ownership and control of the policy to defendant Vitex Manufacturing Company, Ltd., c/o Bernard M. Eiber, 32 Broadway, New York, New York, and, on the same date, plaintiff received a request to change the beneficiary to "Bernard M. Eiber, trustee under agreement dated December 31, 1963." The request for change of beneficiary was executed and acknowledged in New York State by Herman, an officer of the corporate defendant. All premium notices thereafter were sent to Vitex Manufacturing Company, Ltd., in care of Bernard M. Eiber. The summons and complaint were served within the State on both Herman and Kovner, as officers of defendant Vitex, and Eiber as an agent of Vitex. The defendant Vitex is a nonresident corporation and challenges the jurisdiction of the court on the ground that CPLR 302 (subd. [a], par. 1) does not confer jurisdiction over it, since it did not transact any business within the State of New York. The statutory test may be satisfied by a showing of other

purposeful acts by the nonresident in this State in relation to the contract, albeit preliminary or subsequent to its execution. (*Longines-Wittnauer* v. *Barnes & Reinecke*, 15 N Y 2d 443.) On the record, Vitex has not clearly demonstrated by way of affidavit, or otherwise, that it is not subject to the jurisdiction of the court. The absence from the record of the terms of the trust agreement authorizing Eiber, as trustee, to act as beneficiary under the policy makes it impossible to determine whether or not Eiber is a necessary party to the action. Herman, as the insured, has a substantial interest in the outcome of the action and should, therefore, be retained as a proper party. The denial of the motion to dismiss the complaint as to the defendant Vitex, is without prejudice to allege the defense of lack of jurisdiction in its answer. Concur — Botein, P. J., McNally, Eager and Staley, JJ.